J-S46028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRYL LANGERSTON | |
| Appellant | No. 108 EDA 2016 |

Appeal from the PCRA Order December 15, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002149-2006

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JULY 06, 2016**

Darryl Langerston appeals, *pro se*, from the order entered December 15, 2015, in the Court of Common Pleas of Montgomery County, denying, as untimely filed, his sixth petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Langerston seeks relief from the judgment of sentence of a term of 20 to 40 years' imprisonment imposed on November 14, 2006, following his convictions of third-degree murder and possessing an instrument of a crime.[1]  On appeal, Langerston argues: (1) the PCRA court erred in dismissing his petition as untimely filed when he demonstrated the facts supporting his claim were

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. §§ 2502(c) and 907(a), respectively.

unknown to him until recently; (2) trial counsel was ineffective for failing to challenge a sentence outside the sentencing guideline range and failing to challenge inadmissible hearsay evidence; and (3) the trial court had no jurisdiction because the criminal statutes he was convicted under are unconstitutional. **See** Langerston's Brief at ii. Based upon the following, we affirm.

The PCRA court aptly summarized the facts and procedural history underlying this appeal and we adopt the PCRA court's summary of the background of this case.[2] **See** PCRA Court Opinion, 2/16/2016 at 2-4.

As noted above, the PCRA court concluded Langerston's petition was untimely filed. "The PCRA timeliness requirement … is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2014) (citation omitted), *cert. denied*, **Taylor v. Pennsylvania**, 134 S.Ct. 2695 (2014). Therefore, we must determine the timeliness of the petition before reviewing Langerston's substantive claims. **Id.** Generally, all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing

---

[2] On January 6, 2016, the PCRA court ordered Langerston to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Langerston complied with the PCRA court's directive, and filed a concise statement on January 22, 2016.

requirement is met. *See* 42 Pa.C.S. § 9545(b)(1). The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously known facts; and (3) a newly recognized constitutional right. *See* 42 Pa.C.S. §9545(b)(1)(i)-(iii).

Our review of the record confirms that the PCRA court properly determined Langerston's petition, filed December 9, 2015, was untimely, and that Langerston failed to prove the "unknown facts" exception to the PCRA's one year time bar. *See* PCRA Court Opinion, 2/16/2016 at 6-10 (finding: Langerston conceded petition was untimely; the information contained in the recently acquired Sentencing Guideline form was not "new," as it was available at the time of his sentencing hearing; "[t]he Sentencing Guideline form is nothing but a new source of information that Langerston heard first hand at his sentencing hearing[;]" and in any event, Langerston did not demonstrate the form could not have been acquired sooner had he exercised due diligence). Therefore, we adopt the discussion of the PCRA court as dispositive of his first issue on appeal.

With regard to his remaining claims, we note that they are substantive challenges to either trial counsel's stewardship or the jurisdiction of the trial court. *See* Langerston's Brief at ii. However, it is well established that "[t]he PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. Super. 2012)

(citation omitted). Accordingly, we are precluding from addressing the remaining claims on appeal.[3]

Order affirmed.[4]

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

---

[3] We note Langerston does not argue that any of the statutory exceptions to the one-year time bar applies to his claims that counsel failed to challenge hearsay evidence and that the criminal statutes he was convicted under are unconstitutional. Moreover, Langerston's challenge regarding purported hearsay evidence was rejected in his first PCRA petition. *See Commonwealth v. Langerston*, 981 A.2d 315 (Pa. Super. 2009) (unpublished memorandum). Accordingly, even if his petition was timely filed, that particular claim would be unreviewable as previously litigated. *See* 42 Pa.C.S. § 9543(a)(3) (petitioner only eligible for PCRA relief if the allegation of error has not been previously litigated or waived).

[4] In the event of further proceedings, the parties are directed to attach the PCRA court's February 16, 2016 opinion to this memorandum.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-46-CR-0002149-2006

           V.         :

DARRYL LANGERSTON     :    **108 EDA 2016**

## OPINION

**CARPENTER  J.**            **FEBRUARY 16, 2016**

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Darryl Langerston ("Langerston"), appeals from a final order of dismissal dated December 15, 2015, dismissing his untimely sixth *pro se* petition, seeking post-conviction relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-9546. While Langerston acknowledged the facially untimeliness of his most recent PCRA petition, Langerston attempted to invoke the newly-discovered facts exception at Section 9545(b)(1)(ii), arguing that he exercised due diligence in requesting a copy of the Pennsylvania Commission on Sentencing Guideline Sentence Form from the Montgomery County Clerk of Courts on September 16, 2015 at which time he realized he was sentenced to "a sentence greater than the lawful maximum for a standard range sentence." See, PCRA petition 11/12/15, p. II. However, this Court determined that Langerston could not establish that the facts upon which his claim was predicated were unknown to him and that they could not have been ascertained

by the exercise of due diligence. Therefore, this Court concluded that the newly-discovered facts exception was unavailable to Langerston. Accordingly, the underlying merits of this untimely fifth PCRA petition were not reviewed based upon this Court's lack of jurisdiction.

By way of a brief background, on August 23, 2006, a jury convicted Appellant of third degree murder and possession of an instrument of crime for the February 7, 2006, stabbing death of Roderick Jackson. On November 14, 2006, Appellant was sentenced to a term of 20 to 40 years' imprisonment. A timely direct appeal was not filed; however, Langerston's direct appeal rights were reinstated and a *nunc pro tunc* direct appeal was filed. On November 26, 2007, the Pennsylvania Superior Court affirmed Langerston's judgment of sentence.

On March 24, 2008, Langerston filed a timely first PCRA petition. Counsel was appointed, and finding no meritorious issues to pursue, counsel filed a no-merit letter. After proper notice pursuant to Pa.R.Crim.P. 907, a final order dismissing Langerston's PCRA petition was issued on July 10, 2008. Langerston appealed. On June 16, 2009, the Pennsylvania Superior Court affirmed the dismissal and the Pennsylvania Supreme Court denied Langerston's petition for allowance of appeal.

On February 8, 2010, Langerston filed an untimely second PCRA petition. He filed a response to the pre-dismissal notice styled as a writ of habeas corpus ad subjiciendum. On May 20, 2010, the writ of habeas corpus was dismissed. On June 2, 2010, the untimely second PCRA petition was also

2

dismissed. Langerston appealed both orders, but later withdrew the appeal from the denial of his habeas corpus petition. The Pennsylvania Superior Court affirmed the dismissal of his second PCRA petition on February 25, 2011, and subsequently the Pennsylvania Superior Court denied Langerston's petition for allowance of appeal.

On October 28, 2011, Langerston filed an untimely third PCRA petition, which was ultimately dismissed on January 11, 2012. The dismissal was appealed, and on August 29, 2012, the Pennsylvania Superior Court affirmed the dismissal.

On March 6, 2013, Langerston filed an untimely fourth PCRA petition. It was dismissed on April 1, 2013. Langerston did not appeal.

A fifth untimely PCRA petition was filed on October 8, 2014. It was dismissed on November 10, 2014, after Langerston withdrew it.

Most recently on December 9, 2015, Langerston filed an untimely sixth PCRA petition, which is currently at issue in this appeal. Therein, Langerston acknowledged its untimeliness, but attempted to invoke the newly-discovered facts exception at Section 9545(b)(1)(ii), arguing that he exercised due diligence in requesting a copy of his Pennsylvania Commission on Sentencing Guideline Sentence Form ("Sentencing Guideline form") from the Montgomery County Clerk of Courts on September 16, 2015, at which time he realized he was sentenced to "a sentence greater than the lawful maximum for a standard range sentence." A more detailed understanding of his timeliness exception claim comes from Langerston's attached memorandum of law and his

3

argument in support of his ineffectiveness of counsel claim where he explains that the undersigned, as the sentencing judge, intended to only sentence him to the standard range sentence but that the Commonwealth submitted an erroneous Sentencing Guideline form which caused this Court to sentence him to the statutory maximum and not the standard range. See, PCRA petition 12/9/15, attached Memorandum of Law, p. 1.

On November 19, 2015, this Court issued a pre-dismissal notice, notifying Langerston of this Court's intention to dismiss his current PCRA petition because it was untimely and no timeliness exceptions to applied and of his right to respond to the notice. On December 9, 2015, Langerston did file a response. He asserted in his response that the Sentencing Guideline form was not a matter of record prior to his September 16, 2015, request, and that this Court improperly determined that the newly discovered evidence exception did not apply. No further explanation was provided. On December 15, 2015, this Court issued a final dismissal order, dismissing Langerston's untimely sixth PCRA petition. Langerston filed a timely appeal. This 1925(a) Opinion follows.

## ISSUE

I.  Whether this Court properly dismissed Langerston's fifth PCRA petition as untimely, when he failed to prove that the timeliness exception at Section 9545(b)(1)(ii), 42 Pa.C.S.A. applied.

## DISCUSSION

I.  This Court properly dismissed langerston's second PCRA petition as untimely, when he failed to prove that the timeliness exception at Section 9545(b)(1)(ii), 42 Pa.C.S.A. applied.

4

Our appellate court, when reviewing the propriety of an order dismissing a PCRA petition on timeliness grounds, determines whether the decision of the trial court is supported by the evidence of record and is free of legal error. Commonwealth v. Williamson, 21 A.3d 236, 240 (Pa.Super. 2011). The trial court's findings with regard to the timeliness of a PCRA petition will not be disturbed unless there is no support for those findings in the certified record. Id.

The timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Robinson, 12 A.3d 477, 479 (Pa.Super. 2011). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." Id. (quoting Commonwealth v. Hackett, 956 A.2d 978, 983 (Pa. 2008)). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa.Super. 2011) (quoting Commonwealth v. Perrin, 947 A.2d 1284, 1285 (Pa.Super. 2008))

Any PCRA petition, including a second and subsequent one, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. §9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, or when the time for seeking such review expires. 42 Pa.C.S.A. §9545(b)(3).

There are three statutory exceptions to the timeliness requirements of the PCRA, which provide very limited circumstances to excuse the late filing

of a petition. To invoke an exception, a petition must allege and the petitioner must prove that (1) the failure to raise the claim earlier was due to the interference of government officials; (2) the claim is predicated on facts that were unknown to the petitioner and could not have been discovered with due diligence or (3) the right asserted was recognized by the United States Supreme Court or the Pennsylvania Supreme Court as a constitutional right after the petitioner's case was decided and the right has been upheld to apply retroactively. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii). A petition alleging one of these exceptions must be filed within sixty days of the date that the claim could have been presented. 42 Pa.C.S.A. §9545(b)(2). The 60-day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence. Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714, 720 (2008). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." Commonwealth v. Robinson, 12 A.3d 477, 479 (Pa.Super. 2011) (quoting Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000)).

In this case, Langerston conceded that his current PCRA petition is facially untimely. This is not at issue. Rather, at issue is whether the Sentencing Guideline form can avail him of the newly-discovered facts exception.

The exception at Section 9545(b)(1)(ii) has been explained in

Commonwealth v. Brown, 111 A.3d 171 (Pa.Super. 2015) in detail as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Commonwealth v. Bennett, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. Commonwealth v. Carr, 768 A.2d 1164, 1168 (Pa.Super.2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. Commonwealth v. Breakiron, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa.Super.2010). This rule is strictly enforced. Id. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." Commonwealth v. Marshall, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. Bennett, supra at 393, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" Id. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. See 42 Pa.C.S.A. § 9545(b)(1)(ii); Bennett, supra. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. See 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, inter alia, unavailability at time of trial of exculpatory

7

evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence.** If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.
>
> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.[4] Id. at 395, 930 A.2d at 1271.

Brown, 111 A.3d at 176-77 (emphasis in original).

Applying the law to the facts of this case, Langerston has not established that the facts that he asserted as newly discovered, namely the information contained in the Sentencing Guideline form, and he has not established that these facts were unknown to him or that they could not have been ascertained earlier by the exercise of due diligence. The crux of Langerston's newly-discovered evidence exception argument is that he was allegedly improperly sentenced and he did not know this until he uncovered the Sentencing Guideline form. In support of this allegedly improper sentence Langerston asserted that he was sentenced to "a sentence greater than the lawful maximum for a standard range sentence." See, PCRA petition 11/12/15, p. II. However he bases this argument on events that occurred at his November 14, 2006, sentencing hearing at which Langerston was present. See, PCRA petition 11/12/15, attached memorandum of law, claim 1 p. 1. He was present

for the entire hearing, and supports his claim in part on the sentencing transcripts and the following. He heard the Commonwealth request this Court to "sentence the defendant to the maximum possible punishment: 20 – 40 years incarceration on the murder…" (Sentencing 11/14/06 pp. 23 – 24). He also was present when this Court in announcing his sentence stated, "…and the sentence I will impose will be in the standard range for third degree murder…[o]n the crime of third-degree murder, he will undergo imprisonment for not less than 20 nor more than 40 years." Id. at 27. Langerston does not explain what information was newly discovered from the Sentencing Guideline form that he had not heard at the sentencing hearing itself. The Sentencing Guideline form is nothing more than a new source of information that Langerston heard first hand at his sentencing hearing.

Assuming that somehow Langerston was able to establish that the Sentencing Guideline form provided facts that he was previously unaware of, Langerston would not be able to establish due diligence in uncovering the Sentencing Guideline form. In his petition and in his response, Langerston baldly asserts due diligence, but does not account for any actions he has taken before his September 16, 2015, Sentencing Guideline form request to retrieve that form. Nor can he explain his inaction in failing to previously request the Sentencing Guideline form. He simply provides no further explanation.

Additionally, Langerston also stated in his response to the pre-dismissal notice that the form wasn't a part of the record until the time he requested it on September 16, 2015. However, he provides no evidence to

9

support that assertion, e.g., what previous attempts he made at securing the Sentencing Guideline form to no avail or provide copies of previous docket reports. In fact, a review of the docket belies his contention. The docket shows that the Sentencing Guideline form was entered onto the docket on the day of sentencing, November 14, 2006. Langerston does not explain why it took him almost nine years to request the Sentencing Guideline form. Accordingly, Langerston was unable to establish due diligence; therefore, he was unable to avail himself of the newly-discovered evidence timeliness exception.

## CONCLUSION

Based on the forgoing analysis, the final order of dismissal dated December 15, 2015, dismissing Langerston's untimely fifth PCRA petition should be affirmed.

BY THE COURT:

_____
WILLIAM R. CARPENTER     J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38TH JUDICIAL DISTRICT

**Copies sent on February 16, 2016**
**By Interoffice Mail to:**
Court Administration

**By First Class Mail to:**
Darryl Langerston #GW2381
SCI Greene
175 Progress Drive
Wayneburg, PA 15370

10